IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARK FULTZ, Individually, | : |
| Plaintiff, | : |
| vs. | : Case No. 2:20-cv-02987-DCN |
| HOSPITALITY SOUTH, LLC, a South Carolina Limited Liability Company, | : |
| Defendant. | : |

# COMPLAINT

Plaintiff MARK FULTZ, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as 'Plaintiff'), hereby sues the Defendant, HOSPITALITY SOUTH, LLC, a South Carolina Limited Liability Company (sometimes referred to as "Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA").

1.  Plaintiff, Mark Fultz, is an individual residing in Margate, FL, in the County of Broward.

2.  Defendant's property, Comfort Inn & Suites Patriots Point f/k/a Quality Inn & Suites Patriots Point, is located at 196 Patriots Point Road, Mount Pleasant, South Carolina, in the County of Charleston.

3.  Venue is properly located in the District of South Carolina because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

5.      Plaintiff Mark Fultz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Fultz suffered a stroke which resulted in paralysis, rendering the right side of his body immobile (acute cerebrovascular accident ("CVA") with right hemiparesis). He ambulates by means of a manual wheelchair and is able to walk short distances with the aid of a cane.

6.      Plaintiff Mark Fultz visits family in the Charleston area several times a year.  He loves the area and is seriously thinking of moving there, as evidenced by his working relationship with real estate agent Barbara Walker, of Carolina One Real Estate.  His aunt, Judy Wood, resides in Mount Pleasant and his nephew, Michael Wood, resides in Daniel Island.

7.      Mark Fultz visited the subject property on October 9 through October 10, 2019, and has reservations to return to the property on March 17 through March 18, 2021, to attend a family gathering at his aunt's home in Mount Pleasant to celebrate the birthday of his grandson, and to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

8.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Comfort Inn &

Suites Patriots Point f/k/a Quality Inn & Suites Patriots Point, and is located at 196 Patriots Point Road, Mount Pleasant, South Carolina.

9. Plaintiff Fultz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mr. Fultz desires to visit the subject hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Comfort Inn & Suites Patriots Point f/k/a Quality Inn & Suites Patriots Point has shown that violations exist. These violations that Mr. Fultz personally encountered, and which were verified by an ADA expert, include, but are not limited to:

**Exterior - Required Disabled Parking & Accessible Routes**

    a. This Hotel does not provide compliant accessible parking spaces per the Standards 502.1

    b.    The Hotel does not have the minimum number of accessible parking spaces required - Standards 208.2.

    c.    The parking does not provide compliant directional and informational signage to a compliant accessible parking space - Standards 216.5.

    d.    There is no compliant access aisle attached to an accessible route serving existing parking spaces which would allow safe entrance or exit of vehicle for accessible persons requiring mobility devices - Standards 502.2

    e.    There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facilities - Standards 206.2.2.

    f.    Existing facility does not provide a compliant accessible route to the main entrance from any site arrival point - Standards 206.2.1.

    g.    There are concrete ramps in violation of section 405.

    h.    The facility does not provide compliant directional and informational signage to an accessible route which would lead to an accessible entrance - Standards 216.6.

The above violations made it difficult for the Plaintiff to park and access the Hotel safely and independently.

**Interior**

    i.    The front registration desk does not have a lowered section for disabled people in violation of sections 308 and 902. This made it difficult for the Plaintiff to conduct business at the front desk.

    j.    The pool area and the breakfast area have no accessible ADA seating in violating of section 902.

    k.    The controls for the juice machine were too high in violation of section 308.

The above violations prevented the Plaintiff from enjoying all of the amenities the Hotel has to offer.

**Lobby Restroom**

    l.    The door to the lobby restroom is too hard to open and the doors resistance exceeds 5 lbs and is in violation of section 404.2.9.

    m.    The toilet paper is improperly mounted in violation of section 604.7 for reach range.

    n.    The paper towel dispenser is improperly mounted in violation of section 308 for reach range.

    o.    The soap dispenser is not accessible in violation of section 308 for reach range.

The above violations prevented the Plaintiff from using this restroom safely.

**Guest Rooms**

    p.    This Hotel has 103 rooms. Pursuant to section 224.2 of the ADA Standards, this Hotel is required to have seven (7) ADA compliant guest rooms with mobility features – to include two (2) guest rooms with roll-in showers. It does not.

    q.    Additionally, this Hotel is required to have twelve (12) guest rooms with communication features pursuant to section 224.4. It does not.

    r.    The Hotel is in violation of section 224.5 by not dispersing rooms among the various classes of guest rooms, nor providing choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests.

**Guest Room #130**

s.    Plaintiff was assigned guest room 130 supposedly an ADA compliant room. It was not.

t.    The door to the room had no latch side clearance in violation of section 404.2.4 of the Standards.

u.    The door room sign was in the wrong place in violation of section 703.1 of the Standards.

**Guest Bathroom**

v.    The roll-in shower is not ADA compliant in violation of section 806.2.4. It does not have the water controls on the proper wall in violation of section 608.5.

w.    There is no folding shower seat in violation of section 608.4.

The violations present in Guest Room #130 made it difficult for the Plaintiff to safely and independently enjoy the Guest Room and Guest Bathroom.

**The Web Site has Section 302e Violations**.

x.    This Hotel is in violation of 28 CFR part 36 @section 302(e) by not making reasonable modifications to their reservations policies, practices, or procedures to ensure that individuals with disabilities are able to reserve accessible Hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms.

y.    Specifically, this Hotel does not describe the general type of room, the size and number of beds, the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices).

      z.      In addition to the room information described above, this Hotel does not provide information about important features that do not comply with the 1991 Standards. The violations contained in the web site made it impossible for the Plaintiff to reserve an accessible guestroom through the web site.

      12.      All of the foregoing violations are violations of the 2010 Standards for Accessible Design, as well as the 1991 Standards, as promulgated by the U.S. Department of Justice.

      13.      The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

      14.      Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. §12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or

waived by the Defendant.

18.     Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                                    Respectfully submitted,

Dated: August 14, 2020
                               /s/*Vanessa A. Richardson*
                              Vanessa Ann Richardson, Esq.
                              Federal Bar Number 09748
                              VAR Law Firm, LLC
                              P.O. Box 80969
                              Simpsonville, SC  29690
                              Tel.  (843) 520-6452
                              Email: varlawfirm@gmail.com
                              and
                              Lawrence A. Fuller, Esq., *pro hac vice pending*
                              Fuller, Fuller & Associates, P.A.
                              12000 Biscayne Blvd., Suite 502
                              North Miami, FL 33181
                              Tel. (305) 891-5199
                              Email: lfuller@fullerfuller.com

                              *Attorneys for Plaintiff Mark Fuller*